# EXHIBIT 1

Case3:09-cv-03585-CRB    Document1-1    Filed08/05/09    Page1 of 18

| | |
|---|---|
| **SUMMONS** *(CITACION JUDICIAL)* | **SUM-100** FOR COURT USE ONLY *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Additional Parties Attachment form is attached.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Daniel L. Balsam, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, CA 94102

CASE NUMBER: *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Timothy Walton, LAW OFFICES OF TIMOTHY WALTON, 801 Woodside Road, Suite 11, Redwood City, CA 94061, 650-216-9800

DATE: JUN 2 6 2009    GORDON PARK-LI    Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* See attached
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Balsam v. Tucows Inc. et al | CGC-09-489840 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

TUCOWS INC., a Pennsylvania corporation,

TUCOWS CORP., a Mississippi corporation,

ELLIOT NOSS, an individual,

PAUL KARKAS, an individual, and

DOES 1-100,

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

TOTAL P.002

```
 1  Timothy J. Walton (State Bar No. 184292)
    LAW OFFICES OF TIMOTHY WALTON
 2  801 Woodside Road, Suite 11
 3  Redwood City, CA 94061
    Phone (650) 216-9800
 4  Fax: (650) 618-8687
 5
    Daniel L. Balsam (State Bar No. 260423)
 6  THE LAW OFFICES OF DANIEL BALSAM
 7  3145 Geary Blvd. #225
    San Francisco, CA 94118
 8  Phone: (415) 276-3067
 9  Fax: (415) 373-3783
10  Attorneys for Plaintiff
11  DANIEL L. BALSAM
```

**ENDORSED**
**FILED**
Superior Court of California
County of San Francisco

JUN 2 6 2009

GORDON PARK-LI, Clerk
BY: __DEBORAH STEPPE__
                    Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

NOV 2 5 2009 -9:00 AM

**DEPARTMENT 212**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO (UNLIMITED JURISDICTION)

| | |
|---|---|
| DANIEL L. BALSAM, an individual, | Case No.: CGC-09-489840 |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT FOR DAMAGES** |
| TUCOWS INC., a Pennsylvania corporation, | 1. BREACH OF CONTRACT |
| TUCOWS CORP., a Mississippi corporation, | 2. NEGLIGENCE |
| ELLIOT NOSS, an individual, | 3. CIVIL CONSPIRACY |
| PAUL KARKAS, an individual, and | 4. DECLARATORY RELIEF |
| DOES 1-100, | |
| Defendants. | |

COMES NOW PLAINTIFF DANIEL L. BALSAM and files this Verified Complaint for causes of action against Defendants TUCOWS INC., TUCOWS CORP., ELLIOT NOSS, PAUL KARKAS, and DOES 1 through 100, inclusive, and alleges as follows:

1

**VERIFIED COMPLAINT**

## I. SUMMARY OF THE COMPLAINT

1. Plaintiff DANIEL L. BALSAM ("BALSAM") brings this Action against Defendants TUCOWS INC. and TUCOWS CORP. (collectively "TUCOWS") doing business as *OpenSRS.org* and *ContactPrivacy.com* for breach of contract and negligence.

2. BALSAM also names as defendants ELLIOT NOSS ("NOSS"), Chief Executive Officer of TUCOWS INC. and TUCOWS CORP., and PAUL KARKAS ("KARKAS"), Compliance Officer.

3. BALSAM is informed and believes and thereon alleges that the Internet Corporation for Assigned Names and Numbers ("ICANN") and TUCOWS have signed a contract ("ICANN Agreement") that allows TUCOWS to act as a Registrar of Internet domain names.

4. When TUCOWS offers "private registration" services for Internet domain names, TUCOWS (dba *ContactPrivacy.com*) also becomes the Registered Name Holder of those privately registered domain names.

5. The ICANN Agreement expressly states that a Registered Name Holder that allows third parties to use its Internet domain names *shall* accept all liability for wrongful use of the domain names, unless the Registered Name Holder promptly discloses the identity of the licensee (the actual operator of the domain name, hereinafter "Licensee") upon presentation of reasonable evidence of actionable harm.

6. TUCOWS is currently the Registered Name Holder of the domain name *AdultActionCam.com* and has been since at least July of 2006.

7. BALSAM provided TUCOWS with reasonable evidence of actionable harm in the form of unlawful Unsolicited Commercial Emails ("UCEs" or "spams") that advertised the pornographic website *AdultActionCam.com*, for which TUCOWS (dba *ContactPrivacy.com*) is the Registered Name Holder.

8. TUCOWS refused to provide BALSAM with the identity of its Licensee who actually operates the domain name/website *AdultActionCam.com*.

9. The U.S. District Court for the Northern District of California found that BALSAM was harmed by unlawful spams advertising *AdultActionCam.com* and entered judgment in BALSAM's favor.

10. After BALSAM notified TUCOWS of the amount of the damages, TUCOWS refused to pay BALSAM, thereby breaching the terms of the ICANN Agreement.

## II. PARTIES

### A. Plaintiff Daniel L. Balsam

11.  BALSAM is an individual residing in the State of California, in the City and County of San Francisco.

12.  BALSAM received 1,125 unlawful spams advertising *AdultActionCam.com*, for which TUCOWS is the Registered Name Holder.

13.  BALSAM was injured by TUCOWS in the City and County of San Francisco.

### B. Defendants

14.  BALSAM is informed and believes and thereon alleges that Defendant TUCOWS INC. is now, and was at all times relevant herein, a corporation duly organized and recognized under the laws of the State of Pennsylvania with a principal place of business in Toronto, Ontario, Canada.

15.  BALSAM is informed and believes and thereon alleges that Defendant TUCOWS INC. has now, and at all times relevant herein has had, a physical location in Starkville, Mississippi.

16.  BALSAM is informed and believes and thereon alleges that Defendant TUCOWS CORP. is now, and was at all times relevant herein, a corporation duly organized and recognized under the laws of the State of Mississippi with a principal place of business in Starkville, Mississippi.

17.  BALSAM is informed and believes and thereon alleges that there exists, and at all times since incorporation of the entities has existed, a unity of interest and ownership between Defendants TUCOWS INC. and TUCOWS CORP. such that any separateness between them has ceased to exist.

18.  BALSAM is informed and believes and thereon alleges that TUCOWS INC. has completely controlled, dominated, managed and operated TUCOWS CORP. since incorporation.

19.  BALSAM is informed and believes and thereon alleges that TUCOWS CORP. is, and at all times mentioned was, a mere shell, instrumentality and conduit through which TUCOWS INC. carried on activities in the corporate name exactly as it would have in its own name.

20.  BALSAM is informed and believes and thereon alleges that TUCOWS INC. exercised and exercises such complete control and dominance of such activities that any individuality or separateness of TUCOWS CORP. does not, and at all relevant times did not, exist.

21.  BALSAM is informed and believes and thereon alleges that Defendant ELLIOT NOSS ("NOSS") is now, and was at all times relevant herein, President and Chief Executive Officer of TUCOWS INC. *and* President of TUCOWS CORP.

22. BALSAM is informed and believes and thereon alleges that Defendant PAUL KARKAS ("KARKAS") is now, and was at all times relevant herein, Compliance Officer of TUCOWS INC. *and* TUCOWS CORP.

23. BALSAM is informed and believes and thereon alleges that adherence to the fiction of the separate existence of each of TUCOWS INC. and TUCOWS CORP. would permit an abuse of the corporate privilege, with the intention of preventing BALSAM from obtaining monetary relief.

24. For the above reasons, BALSAM hereinafter refers to TUCOWS INC. and TUCOWS CORP. collectively as "TUCOWS."

25. TUCOWS is a Domain Registrar pursuant to the ICANN Agreement, which means that TUCOWS enables third parties to create/register Internet domain names used for various purposes relating to the Internet, including to identify websites.

26. TUCOWS is the Registrar of the domain name *AdultActionCam.com*.

27. TUCOWS – through its "OpenSRS" domain resellers group dba *ContactPrivacy.com* – offers "private registration" services by which its customers who create and operate Internet domain names can hide their true identity from anyone conducting a query of the publicly available Whois database.

28. By providing "private registration" services for the domain name *AdultAction.com*, TUCOWS *also* became the Registered Name Holder of *AdultActionCam.com*. A query of the publicly available Whois database shows that *ContactPrivacy.com* (i.e. TUCOWS) is the Registered Name Holder.

### III. STATEMENT OF FACTS

29. From October 2005 through May 2006, BALSAM received 1,125 Unsolicited Commercial Emails ("UCEs" or "spams") advertising the pornographic website *AdultActionCam.com*.

30. BALSAM is informed and believes and thereon alleges that the ICANN Agreement requires that the identity of the Registrant of an Internet domain name be publicly available to anyone who queries the Whois database.

4
**VERIFIED COMPLAINT**

31. In October 2005, BALSAM queried the Whois database for the domain name *AdultActionCam.com*, which showed that the Registrant was Angeles Technology Inc. ("Angeles") and that TUCOWS was the Registrar.

32. Exhibit A is a true and correct copy of the Whois query results for AdultActionCam.com as of October 2005.

33. TUCOWS offers a "Contact Privacy" feature so that Registrants of domain names registered through TUCOWS can hide their identity from anyone conducting a Whois query.

34. BALSAM has extensive personal experience with spammers trying to hide their identity by privately registering the domain names they use to send unlawful spam.

35. BALSAM is informed and believes and thereon alleges that TUCOWS is able to hide its customers' identities and still comply with ICANN's requirements that the Registrant's identity appear in the Whois database by taking legal title to the "privately registered" domain names. Thus, TUCOWS is not only the Registrar of a domain name, but it also becomes the Registered Name Holder. A Whois query on such a privately registered domain name shows that *ContactPrivacy.com* is the Registrant/Registered Name Holder.

36. BALSAM is informed and believes and thereon alleges that after becoming the Registered Name Holder of a privately registered domain name, TUCOWS then licenses full use and operational control of the domain name/website back to the customer (the intended user of the domain name), who then becomes TUCOWS' Licensee.

37. BALSAM filed a lawsuit against Angeles and others on May 23, 2006. *Balsam v. Angeles Technology et al*, No. 106CV064214 (Super. Ct. Cal. Cty. of Santa Clara filed May 23, 2006). (The case was subsequently removed to federal court by one of the defendants.)

38. At some time between October 2005 and July 2006, the operator of the domain name *AdultActionCam.com* – who may or may not have still been Angeles – availed itself of TUCOWS' "Contact Privacy" feature so that anyone conducting a Whois query would be unable to identify it. As described above, TUCOWS thus became the Registered Name Holder.

39. Exhibit B is a true and correct copy of a Whois query for the domain name *AdultActionCam.com* as of July 2006, now identifying TUCOWS dba *ContactPrivacy.com* as the Registered Name Holder.

40. On October 17, 2007, BALSAM sent a registered/return receipt letter to TUCOWS.

41. Exhibit C is a true and correct copy of BALSAM's letter to TUCOWS.

42. The letter in Exhibit C informed TUCOWS that it was providing private registration services for the domain name *AdultActionCam.com*, and attached a sample spam linking through to the pornographic website *AdultActionCam.com*. The letter demanded that TUCOWS provide BALSAM with the current identity of the spammer operating the domain name *AdultActionCam.com*.

43. In this letter, BALSAM also quoted paragraph 3.7.7.3 of the ICANN Agreement, which states:

> Any Registered Name Holder that intends to license use of a domain name to a third party is nonetheless the Registered Name Holder of record and is responsible for providing its own full contact information and for providing and updating accurate technical and administrative contact information adequate to facilitate timely resolution of any problems that arise in connection with the Registered Name. A Registered Name Holder licensing use of a Registered Name according to this provision shall accept liability for harm caused by wrongful use of the Registered Name, unless it promptly discloses the identity of the licensee to a party providing the Registered Name Holder reasonable evidence of actionable harm.

44. The ICANN Agreement does not require that a party be proximately harmed by the Registered Name Holder's refusal to disclose the identity; the plain language of the Agreement indicates that the Registered Name Holder's mere act of refusing to disclose the identity, in and of itself, triggers liability.

45. This letter also expressly informed TUCOWS that a) BALSAM had received thousands of such spams, b) BALSAM had been harmed by receiving these spams, c) California Business & Professions Code § 17529.5 authorized liquidated damages of $1,000 *per email* and attorneys' fees, d) pursuant to the ICANN agreement, TUCOWS had voluntarily agreed to accept all liability for this harm unless it promptly disclosed the identity of the spammer using the domain name *AdultActionCam.com*, and e) a lawsuit had already been filed.

46. United States Postal Service records indicate that the letter in Exhibit C was delivered on October 31, 2007.

47. Exhibit D is a true and correct copy of tracking results from the U.S.P.S. website and the return-receipt postcard.

48. On November 1, 2007, BALSAM received an email from KARKAS at TUCOWS. KARKAS claimed TUCOWS was "just the Registrar" and that it did not host any content or provide bandwidth for *AdultActionCam.com*.

49. TUCOWS did not provide BALSAM with the identity of its Licensee.

50. BALSAM replied the same day (November 1, 2007), stating that he was fully aware that TUCOWS was the Registrar, and that as Registrar – regardless of hosting/bandwidth – TUCOWS was required to provide BALSAM with the identity of the spammer.

51. On November 2, 2007, KARKAS replied that TUCOWS would abide by court orders as to producing the identity of its Licensees.

52. However, nothing in the ICANN Agreement requires a person to get a court order; the ICANN Agreement only requires that a party provide the Registrar/Registered Name Holder – i.e., TUCOWS – with reasonable evidence of actionable harm.

53. BALSAM replied the same day (November 2, 2007), stating that he did not need a court order, and that TUCOWS did have the right to refuse to provide BALSAM with the identity of the entity operating *AdultActionCam.com*, but that decision meant that TUCOWS was also choosing to accept liability for the wrongful acts involving that domain name pursuant to the ICANN Agreement.

54. BALSAM sent a final email to KARKAS on November 4, 2007, stating that BALSAM was aware that TUCOWS had refused to respond to subpoenas sent by William Silverstein (in unrelated cases), which similarly demanded the identity of TUCOWS' Licensees for which TUCOWS was providing private registration services.

55. Neither KARKAS nor anyone else at TUCOWS ever responded to BALSAM's November 4, 2007 email.

56. Exhibit E is true and correct copies of the emails between BALSAM and TUCOWS described in the preceding paragraphs, with the most recent at the beginning.

57. On March 28, 2008, the U.S. District Court for the Northern District of California entered judgment in the amount of $1,125,000 in BALSAM's favor against Angeles et al. *Balsam v. Angeles Technology Inc. et al*, No. CV 06-04114 JF (N.D. Cal. Mar. 28, 2008) (Order Granting Motion for Default Judgment).

58. Exhibit F is a true and correct copy of the judgment in *Balsam v. Angeles Technology Inc. et al.*

59. BALSAM was able to identify the payment processor – PayCom – that handled credit card billing for the pornographic website *AdultActionCam.com*.

7
**VERIFIED COMPLAINT**

60. BALSAM attempted to levy on this revenue stream, but PayCom refused to comply, stating that Angeles' revenues had been assigned to someone else.

61. In response to a subpoena, PayCom revealed that the assignee was "Belvedere St. James Ltd." ("Belvedere"), a Maltese company.

62. BALSAM subsequently attempted to seize the domain name *AdultAction.com* and amend the judgment to add Belvedere as a judgment debtor.

63. After BALSAM served notice on PayCom, an attorney made a special appearance on behalf of Belvedere and argued that Belvedere had never been served with the complaint.

64. The court denied BALSAM's motion to seize the domain name *AdultActionCam.com* because the Court could not determine who was operating the domain name at the time of the unlawful acts – Angeles or Belvedere.

65. The court also denied BALSAM's motion to enforce the judgment entered against Angeles on the PayCom revenue stream that Angeles had assigned to Belvedere, because even though BALSAM had served the summons and complaint via email to *adultactioncam.com@contactprivacy.com* and *webmaster@adultactioncam.com* (pursuant to court order), the court could not conclude that Belvedere received notice.

66. Exhibit G is a true and correct copy of the court's order.

67. BALSAM is informed and believes and thereon alleges that if TUCOWS had produced the identity of the true operator of the *AdultActionCam.com* domain name and website (its Licensee) in response to BALSAM's request, and confirmed that the true operator was Angeles, then BALSAM could have prevailed in his argument that Angeles was still in control of the domain name and website, and thus: a) the judgment would trump the assignment of Angeles' revenues, and b) BALSAM could have seized the domain name that was still Angeles' property.

68. Alternatively, BALSAM is informed and believes and thereon alleges that if TUCOWS had produced the identity of the true operator of the *AdultActionCam.com* domain name and website in response to BALSAM's request, and confirmed that the true operator was Belvedere, then the court would have concluded that: a) Belvedere had received notice of the lawsuit, and b) the court would have amended the default judgment to add Belvedere.

69. As it is, TUCOWS' refusal to provide the identity of its Licensee – the operator of the *AdultActionCam.com* domain name and website – resulted in confusion for the court that has so far allowed the tortfeasors to escape liability.

70. Furthermore, even if TUCOWS' refusal to provide the identity did not directly lead to the District Court's decision, BALSAM is informed and believes and thereon alleges that a) TUCOWS dba *ContactPrivacy.com* is the Registered Name Holder of *AdultActionCam.com*, b) BALSAM was harmed by the spams at issue, as shown by the entry of judgment, c) TUCOWS did not provide BALSAM with the true identity of the licensee, and d) per the ICANN Agreement, TUCOWS *shall* accept liability for the harm because it did not promptly (or ever, as described below) disclose the identity of its Licensee.

71. Exhibit H is a true and correct copy of an email from BALSAM to KARKAS on March 9, 2009, to which were attached eight more sample spams advertising *AdultActionCam.com*.

72. Exhibit I is a true and correct copy of an email from BALSAM to KARKAS on April 16, 2009, reminding KARKAS that he had still not provided any substantive response as to its Licensee for the AdultActionCam.com domain name.

73. Thus, even though TUCOWS has known for several months that a court found that *AdultActionCam.com* was being advertised via unlawful spams, TUCOWS is still hiding the identity of its Licensee, despite a reminder from BALSAM on April 16, 2009.

74. Exhibit J is a true and correct copy of a Whois query for *AdultActionCam.com* as of June 12, 2009, showing that TUCOWS dba *ContactPrivacy.com* is still the Registered Name Holder.

75. Separately from the *AdultActionCam.com* lawsuit, BALSAM sent an email to KARKAS on March 19, 2009 informing KARKAS that BALSAM had received unlawful spams advertising the website *WebTrafficMarketing.com* (for which TUCOWS is the Registered Name Holder) and attaching evidence of the spams.

76. On March 20, 2009, KARKAS responded that he was "looking into this."

77. Exhibit K is a true and correct copy of emails between BALSAM and TUCOWS regarding *WebTrafficMarketing.com*.

78. BALSAM also reminded KARKAS about the *WebTrafficMarketing.com* issue on April 16, 2009. Exhibit I.

79. Three months after BALSAM's initial demand, and two months after the reminder, TUCOWS still has not provided BALSAM with the identity of its Licensee operating the domain name *WebTrafficMarketing.com*.

80. While no court has yet entered judgment regarding these *WebTrafficMarketing.com* spams, this instance provides further evidence of TUCOWS' pattern and practice of refusing to

9
**VERIFIED COMPLAINT**

1 produce the identity of its Licensees engaged in unlawful spamming using domain names for which TUCOWS is the Registered Name Holder.

81. BALSAM is acting as a private attorney general because forcing Internet Domain Registrars to follow the ICANN Agreement and accept liability for harm caused by wrongful use of privately registered domain names for which they are the Registered Name Holders (unless they promptly disclose the identity of their Licensees) will result in an important right affecting the public interest and benefit a large class of persons -- email users -- by making it more difficult for unlawful spammers to hide behind privately registered domain names. In the interest of justice BALSAM's attorneys' fees should not be paid out of the recovery. Code Civ. Proc. § 1021.5.

## FIRST CAUSE OF ACTION

**[Breach of Contract]**
**(Against Defendants TUCOWS INC., TUCOWS CORP., and DOES 30-70)**

82. BALSAM hereby incorporates each and every foregoing paragraph as though set forth in full herein.

83. As described above, TUCOWS voluntarily signed the ICANN Agreement so that it could become a domain name Registrar.

84. In order to prevent spammers and other tortfeasors from hiding behind private domain registrations, one of the terms of the ICANN Agreement states that a Registered Name Holder (here, TUCOWS) who chooses to offer private domain name registration services must disclose the identity of its Licensee operating the domain name to *anyone* who presents the Registered Name Holder with reasonable evidence of actionable harm; otherwise, the Registered Name Holder *shall* accept all liability for harm caused by the wrongful use of the domain name.

85. BALSAM is one of the intended third party beneficiaries of paragraph 3.7.7.3 of the ICANN Agreement.

86. It is undisputed that TUCOWS refused to provide BALSAM with the identity of any Licensee of the domain names *AdultActionCam.com* or *WebTrafficMarketing.com*.

87. It is a matter of public record that the District Court for the Northern District of California entered judgment for BALSAM in the amount of $1,125,000 on March 28, 2008.

88. On February 18, 2009, BALSAM sent TUCOWS a letter demanding that TUCOWS pay BALSAM the damages for which it had accepted liability pursuant to the ICANN Agreement. Specifically, BALSAM stated that if TUCOWS agreed to pay at least 1/3 of the judgment within 30 days and the entire judgment within 180 days, he would agree to forego interest that has been accruing at 10% per year.

89. TUCOWS (through its agent KARKAS) then exchanged several emails and telephone calls with BALSAM and his attorney, Timothy Walton, between March 5 and March 13, 2009.

90. TUCOWS claimed it wanted to do "more research" and requested *more* evidence of actionable harm, which BALSAM provided. Exhibit H.

91. More than a month passed with no response from TUCOWS whatsoever.

92. BALSAM sent an email to KARKAS on April 16, 2009 reminding him that he had not responded in a timely manner regarding *AdultActionCam.com* (or *WebTrafficMarketing.com*, the other privately registered spamming domain name to which BALSAM alerted TUCOWS on March 19, 2009) and that BALSAM would treat his non-responsiveness accordingly. Exhibit I. Thus, even despite BALSAM's demand letter and with knowledge of imminent litigation, TUCOWS still refused to provide the identity of its Licensee operating the *AdultActionCam.com* domain name, for which TUCOWS is the Registered Name Holder.

93. TUCOWS has not paid BALSAM any monies.

WHEREFORE, BALSAM prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

**[Negligence]**
**(Against all Defendants)**

94. BALSAM hereby incorporates each and every foregoing paragraph as though set forth in full herein.

95. In order to prevail in a negligence action, the plaintiff must show that the defendant owed him/her a legal duty, the defendant breached that duty, and that the breach proximately caused his/her injuries. *Wiener v. Southcoast Childcare Centers, Inc.*, 32 Cal. 4th 1138, 1145 (2004).

96. <u>Duty</u>. Here, Defendants had a duty to BALSAM. The duty was one that TUCOWS voluntarily accepted by signing the ICANN Agreement and choosing to offer private registration services, through which TUCOWS became the Registered Name Holder of the domain name *AdultActionCam.com* – the duty to either provide BALSAM with the identity of its Licensee operating *AdultActionCam.com*, or to accept liability for all harm suffered by BALSAM arising from the wrongful use of *AdultActionCam.com*.

97. BALSAM was a foreseeable plaintiff in this lawsuit because the ICANN Agreement, paragraph 3.7.7.3, does not limit *who* can present a Registered Name Holder with reasonable evidence of actionable harm; in fact, the language of paragraph 3.7.7.3 clearly contemplates third parties bringing evidence to the Registered Name Holder's attention.

98. Such third parties are intended beneficiaries of the ICANN Agreement; because third parties benefit from the Registered Name Holder's disclosure of the true identity of the Licensees who privately register and operate domain names used for unlawful spamming.

99. More specifically, BALSAM was a foreseeable plaintiff in the instant lawsuit because TUCOWS and its agents refused to provide BALSAM with the identity of its Licensee operating the domain name *AdultActionCam.com*, and TUCOWS and its agents refused to compensate BALSAM for the damages he suffered from the wrongful use of the domain name *AdultActionCam.com*.

100. <u>Breach</u>. Defendants breached their duty by refusing to identify its Licensee operating the domain name *AdultActionCam.com* and then – despite the mandatory *shall* language of paragraph 3.7.7.3 of the ICANN Agreement – refusing to compensate BALSAM for his damages.

101. <u>Causation</u>. Pursuant to paragraph 3.7.7.3 of the ICANN Agreement, BALSAM is entitled to the identity of the Licensee operating the domain name *AdultActionCam.com*, or compensation for harm arising from the unlawful use of the domain name.

102. But for Defendants' refusal to honor the terms of the ICANN Agreement, BALSAM would have had the identity of the Licensee or compensation through judgment enforcement efforts.

103. Furthermore, Defendants' refusal to disclose the identity of its Licensee operating *AdultActionCam.com* and refusal to compensate BALSAM was the proximate cause of

1  BALSAM's injuries. It was entirely foreseeable that Defendants' refusal to provide BALSAM
2  with the identity or compensation would damage BALSAM.
3  104.   <u>Damages</u>. The District Court already found that BALSAM has been damaged in the
4  amount of $1,125,000 by wrongful use of the *AdultActionCam.com* domain name, by receiving
5  unlawful spams that linked to the pornographic *www.AdultActionCam.com* website. Interest has
6  been accruing at 10% per year since judgment was entered on March 28, 2008.
7  105.   Balsam was damaged to the extent that Defendants' negligence was a proximate cause of
8  the inability to enforce judgment

10  WHEREFORE, BALSAM prays for judgment against Defendants, and each of them, as
11  hereinafter set forth.

### THIRD CAUSE OF ACTION

**[Civil Conspiracy]**
**(Against Defendants TUCOWS INC., TUCOWS CORP., NOSS, KARKAS**
**and DOES 50-100)**

106.   BALSAM hereby incorporates paragraphs 1-90 as though set forth in full herein.
107.   BALSAM is informed and believes and thereon alleges that TUCOWS INC., TUCOWS
CORP., NOSS, and KARKAS, acting in agreement, concert, and conspiracy with each other,
jointly and severally, as set forth fully above, acted with a common purpose to refuse to provide
BALSAM with the identity of TUCOWS' Licensee who privately registered the domain name
*AdultActionCam.com* (for which TUCOWS is the Registered Name Holder) *before* judgment
was entered in *Balsam v. Angeles Technology Inc. et al.*
108.   BALSAM is informed and believes and thereon alleges that TUCOWS INC., TUCOWS
CORP., NOSS, and KARKAS, acting in agreement, concert, and conspiracy with each other,
jointly and severally, as set forth fully above, acted with a similar common purpose to refuse to
provide BALSAM with the identity of TUCOWS' Licensee who privately registered the domain
name *AdultActionCam.com* (for which TUCOWS is the Registered Name Holder) even *after*
judgment was entered, when BALSAM gave TUCOWS another opportunity to avoid liability
simply by providing him with the identity of its Licensee.

109. BALSAM is informed and believes and thereon alleges that TUCOWS INC., TUCOWS CORP., NOSS, and KARKAS, acting in agreement, concert, and conspiracy with each other, jointly and severally, as set forth fully above, acted with a common purpose to breach the ICANN Agreement by refusing to compensate BALSAM for the harm suffered by wrongful use of the *AdultActionCam.com* domain name for which TUCOWS is the Registered Name Holder, despite the "shall accept liability" language of paragraph 3.7.7.3 of the ICANN Agreement, and by refusing to cooperate with BALSAM's lawful efforts to discover the identity of the initial tortfeasor operating the *AdultActionCam.com* domain name, even with actual knowledge that BALSAM was preparing to file the instant lawsuit.

110. BALSAM was damaged by the concert of actions by Defendants.

WHEREFORE, BALSAM prays for judgment against Defendants, and each of them, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**[Declaratory Relief]**
**(Against All Defendants)**

111. BALSAM hereby incorporates each and every foregoing paragraph as though set forth in full herein.

112. An actual controversy has arisen between BALSAM and Defendants as to Defendants' obligations as a domain name Registrar, the provider of private registration services for Internet domain names, and a Registered Name Holder, pursuant to the ICANN Agreement.

113. BALSAM can show that Defendants did not comply with their legal obligations.

114. BALSAM respectfully requests this Court to make a judicial declaration and determination that, pursuant to the ICANN Agreement, because Defendants refused to provide BALSAM with the identity of TUCOWS' Licensee operating the domain name *AdultActionCam.com* (for which TUCOWS is the Registered Name Holder) after BALSAM provided TUCOWS with evidence that he had received unlawful spam advertising *AdultActionCam.com*, Defendants shall accept all liability for harm caused by wrongful use of the domain name.

WHEREFORE, BALSAM prays for judgment against Defendants, and each of them, as hereinafter set forth.

## PRAYER FOR RELIEF
### (Against All Defendants)

A. An Order from this Court that – pursuant to the ICANN Agreement – because Defendants refused to provide BALSAM with the identity of TUCOWS' Licensee operating the domain name *AdultActionCam.com*, for which TUCOWS is the Registered Name Holder, Defendants shall accept all liability for harm caused by the wrongful use of the domain name.

B. Damages in the amount of $1,125,000.

C. Interest at the rate of 10% per year since judgment was entered in *Balsam v. Angeles Technology Inc. et al* on March 28, 2008, pursuant to Cal. Civ. Code § 3287(a).

D. Costs of suit;

E. Attorneys' fees pursuant to Cal. Code Civ. Proc. § 1021.5; and

F. Such other and further relief as the Court deems proper.

LAW OFFICES OF TIMOTHY WALTON

Date: 6-18-09        BY: /s/ Tim Walton
                     TIMOTHY J. WALTON
                     Attorneys for Plaintiff

## VERIFICATION

The undersigned for himself declares:

I am the plaintiff in the above-entitled action. I have read the forgoing Complaint and know the contents thereof. With respect to the causes of action alleged by me, the same is true by my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true. I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Date: 6-25-09        /s/ Daniel L. Balsam
                     DANIEL L. BALSAM